In the Matter of Petition of John A. Balota and Beulah Balota, His Wife, to Adopt Michele Jean Handlon, a Minor Child.

John A. Balota and Beulah Balota, His Wife, Petitioners, v. Michele Jean Handlon, a Minor Child, Gordon Gene Handlon and Helen Dean Handlon, Defendants.

Term No. 55–M–2.

Fourth District.

October 3, 1955.

Released for publication October 24, 1955.

Snyder E. Herrin, of Herrin, and August L. Fowler, of Marion, for petitioners-appellants.

No brief filed for appellees.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is an adoption case. The trial court denied the petition after a contested hearing, and petitioners bring this appeal contending that the court's finding was not supported by any competent evidence.

From the testimony, it appears that the petitioners, husband and wife, ages 35 and 27, respectively, live in St. Louis, Missouri, and have an income of $400 a month. Petitioners have been married since October 13, 1951, and have found that they cannot have children of their own. An aunt of Mrs. Balota, who resides in Herrin, Illinois, knew of petitioners' desire to adopt a child. On March 30, 1954, in response to a request of defendant, Helen Dean Handlon, mother of the three-months' old child sought to be adopted, the aunt called

the Balotas and told them the child could be taken by them. They drove to Herrin, confirmed the information the aunt had given, went to the office of Attorney Snyder E. Herrin and a paper was signed by Mrs. Handlon giving petitioners permission to take the child. They returned to St. Louis the same evening and had the child until the date of hearing on the petition for adoption on October 20, 1954. The evidence indicates that the child was given good care, and that considerable money was spent for furniture, food, clothing and medical care. Naturally, petitioners developed a love for the child.

The petition for adoption was filed April 16, 1954, and entries of appearance and consents to adoption, duly executed and acknowledged before the clerk, by both the mother and father, were filed on April 17, 1954.

The court continued the cause from time to time until October 20 and appointed a welfare agency in St. Louis to make an investigation. The agency subsequently filed a report, which is not in the record and upon which no evidence was produced. Illinois Revised Statutes 1953, Chapter 4, Paragraph 3—1 [Jones Ill. Stats. Ann. 19.012(7)]. No other pleadings were filed in the cause and thus no issues were made up. However, defendants appeared at the hearing with their counsel and cross-examined petitioners' witnesses and testified themselves. The defendants' testimony was directed to the claim that their consents were obtained under fraud and duress.

At the conclusion of the hearing, the court made its jurisdictional findings, including the filing of consents by the defendants; waived the statutory requirement that the child reside with petitioners for a period of six months immediately preceding the filing of the petition; found that the natural parents had abandoned the child prior to the filing of the petition; and further found, "That the petitioners' evidence does not, in the opinion of the Court, make a case justifying the entry

of an order in accordance with the prayer of said Petition, and that, accordingly, said Petition should be denied." The court then ordered the petition denied, made the child a ward of the court and ordered petitioners to surrender the child immediately to a Mrs. Virgil Ardery, 901 South Mechanic Street, Marion, Illinois, who was given the care and custody until further order of the court.

Petitioners appealed, filed their record, abstract, brief and argument. No brief and argument was filed by appellees.

The statute on adoption at Chapter 4 in Paragraph 4—1, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 19.012(14)], sets out the findings required to be made by the trial court in adoption cases. Subparagraph 5 of paragraph 4—1 reads, in part, as follows:

"If the court further finds from the evidence that the allegations of the petition are true, and that the petitioner is of sufficient ability to bring up the child and furnish suitable nurture and education for the child and that such child has resided in the home of the petitioner at least six months immediately preceding the filing of the petition; unless for good cause specifically shown of record the court shall waive such requirement of residence and that it is fit, proper and for the best interest of the child that such adoption should be made, a decree shall be entered, setting forth the facts so found by the court and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner, and may decree that the name of the child be changed according to the prayer of the petition."

As stated before, the only contest in the case involved the validity of the consents. The statute provides that the consents shall be irrevocable unless obtained by fraud or duress and "a court of competent jurisdiction shall so find." Illinois Revised Statutes

181

1953, Chapter 4, Paragraph 3—7 [Jones Ill. Stats. Ann. 19.012(13)]. The burden on this question rested upon those asserting duress or fraud. Stoltze v. Stoltze, 393 Ill. 433, 66 N.E.2d 424. The lower court found no duress or fraud on this issue.

We have reviewed the evidence. The petitioner, Mr. Balota, was age 35 and Mrs. Balota, age 27. They were married in 1951. They had found they could not have children of their own. They are church-going people. Mr. Balota has an income of four hundred dollars a month. He testified that he changed his employment after they were given custody of the child because, as he stated, "I had this offer of bettering myself and with the baby I saw I needed to be better." No evidence was introduced that reflected unfavorably upon the petitioners. The lower court found that the parents had abandoned the child and there did not appear to be others seeking her or offering a home for her. The best interests of the child, therefore, would be with those who have given her nurture, care, and love and who apparently can be depended upon to continue to do so.

In our judgment, the finding of the court below that petitioners' evidence does not make out a case is against the manifest weight of the evidence. We find that the petitioners are of sufficient ability to furnish suitable nurture and education for said child and that it is fit, proper, and for the best interests of the child that such adoption should be made.

The order of the lower court denying adoption is reversed and the cause is remanded with directions to make the finding in petitioners' favor and allow the adoption and change of name as prayed.

Reversed and remanded with directions.

CULBERTSON and SCHEINEMAN, JJ., concur.